**Sheila S. CLARK, et al., Plaintiffs,**

v.

**BURLINGTON NORTHERN RAILROAD, Defendant.**

**No. EC 86–201–LS–O.**

United States District Court, N.D. Mississippi, E.D.

Sept. 4, 1986.

Michael P. Mills, Aberdeen, Miss., for plaintiffs.

Taylor B. Smith, Columbus, Miss., for defendant.

## OPINION AND ORDER

J. DAVID ORLANSKY, United States Magistrate.

Presently before the court in the above entitled action is defendant's Motion for Protective Order striking plaintiffs' first set of interrogatories on the ground that the interrogatories contain questions exceeding the 30 allowed by Rule 6(a) of the Uniform Local Rules of the United States District Courts for the Northern and Southern Districts of Mississippi (Uniform Local Rules).[1] The court is of the opinion that this set of interrogatories, judged by the "related questions" standard, does not exceed the limit imposed by Rule 6(a) and that defendant's Motion for Protective Order should be denied.

Defendant contends that plaintiffs' interrogatories violate the 30 question limit because, although there are only 29 numbered interrogatories, several of them contain subparts which, if each subpart is counted as a question, bring the number of questions to well over 30. Defendant contends that the number of questions contained in the interrogatories, counted according to Rule 6(a), totals approximately 140. The court has carefully examined the interrogatories and, while not convinced that the defendant's figure of 140 is accurate, agrees that if each subpart is counted as a separate question they aggregate more than 30.

However, in dealing with this same issue under former Local Rule C–12,[2] which limited a party's first set of interrogatories to 30 questions,[3] this court held that the limitation is not to be applied mechanically so as to create an unreasonable obstacle to discovery. *Holcombe v. Southern Towing Co.*, No. DC 81–167–LS–O, Order of March 17, 1982, at p. 4; *see* also, *Bunge Towing, Inc. v. Colburn*, No. GC 86–170–GD–O, Order of June 23, 1986, at p. 2 and *Jordan v. Lewis Grocer Co.*, No. GC 79–9–K–P, Order of December 7, 1979 (Order of Magistrate Powers). In *Holcombe* the court recognized that an interrogatory which is divided into subparts may actually be only one question, since each subpart may directly relate to the subject matter of the interrogatory as a whole. The court there concisely stated the "related questions" standard by which interrogatories with subparts are to be judged:

> Thus, an interrogatory is to be counted as but a single question for purposes of Local Rule C–12, even though it may call for an answer containing several separate bits of information, if there is a direct relationship between the various bits of information called for. On the other hand, interrogative sentences or phrases which are not directly related in subject matter, even though not separately enumerated or numbered by the

1. Rule 6(a) provides:
   "Interrogatories propounded by any party to another party shall be limited to one (1) set of questions, not to exceed thirty (30) in number, except by order of the Court for good cause shown. In computation of the number of questions propounded, each subpart of a question shall be counted as a question."

2. This district and the Southern District of Mississippi adopted a set of uniform local rules, effective January 1, 1986. As of the effective date of the uniform rules, Local Rule C–12 was superseded by Uniform Rule 6(a).

3. Rule C–12 provided:
   "Interrogatories propounded by any party upon the adversary party or parties shall be limited to two (2) sets of questions, as follows: (a) the first set of questions shall not exceed thirty (30) in number, and any subpart of a question shall be counted as a question; (b) the second set of questions shall not exceed twenty (20) in number, and each subpart shall constitute a question."
   "No third set of interrogatories nor interrogatories in addition to those hereinabove fixed shall be allowed, except for good cause shown by order of the United States Magistrate or of the court."

interrogating party, will be counted as separate questions." *Holcombe v. Southern Towing Co., supra,* Order of March 17, 1982, at p. 4.

Because of the similarities between former Local Rule C–12 and Uniform Local Rule 6(a), the court holds that this "related questions" standard is equally applicable under the limit imposed by Uniform Local Rule 6(a). This construction of Rule 6(a) and its predecessor, Local Rule C–12, is entirely consistent with the purpose underlying the adoption of such rules. The local rule is not intended to frustrate legitimate discovery efforts, and it should not be construed in a fashion which has that effect. The court's purpose in adopting former Local Rule C–12 in 1978 was to eliminate the then common practice of serving sets of interrogatories consisting of hundreds of unrelated, and mostly irrelevant, boilerplate or form interrogatories stored in the electronic memories of word processors and automatic typewriters without the intervention of human intelligence to tailor the interrogatories to the requirements of the individual case.[4] The service of such a set of interrogatories on one party was shortly followed by retaliation in the form of service of a similarly outrageous set of interrogatories upon the other party. The result was imposition of intolerable and unnecessary burdens on counsel in attempting to respond to such interrogatories; unnecessary expense to the parties in paying for such inefficient expenditures of time; and unnecessary expenditures of the court's time in resolving the many discovery disputes which naturally arose from such a practice. The local rule has been immensely successful in eliminating the evil at which it is directed, but elimination of the evil need not be at the cost of frustrating legitimate discovery efforts. The court's experience has been that, construing the 30 question limit under the "related questions" standard, the local rule allows adequate latitude for discovery in the overwhelming majority of the cases on the court's docket. In the rare case in which adequate discovery cannot be accomplished within the 30 question limit, as so construed, the court has ample authority under Rule 6(a) to allow service of additional interrogatories, and has not been hesitant to exercise that authority when justice requires it. Accordingly, the highly restrictive construction argued for by defendant is inconsistent with the purpose to be served by the rule and is therefore rejected in favor of the "related questions" standard which permits adequate discovery while eliminating the evil at which the local rule is directed.

Applying that principle to plaintiffs' interrogatories in this case, the court is of the opinion that they are within the Rule 6(a) limit, even though most of them call for more than one bit of information. This is because the separate bits of information called for by each interrogatory can reasonably be said to be directly related to each other. For example, Interrogatory No. 28 requests the following information:

"(a) The full name, number or other designation of the train;

"(b) The name of the manufacturer of each of the train's engines, the manufacturer's serial number and manufacturer's model number;

"(c) The number of cars included in the train; and,

"(d) The weight and contents of each car, including the engines, of the train."

Although this interrogatory obviously calls for several separate bits of information concerning the train involved in the accident, it actually is only one question, even though the subparts are separately enumerated. Interrogatory No. 28, in essence, asks defendant to describe its train. All of the information specifically requested by Interrogatory No. 28 would be encompassed within an interrogatory phrased: "Please describe Train No. 765 at the time of its collision with the plaintiff's automobile." Such an interrogatory would clearly constitute only one question. Indeed, it could reasonably be construed to call for even more information than the

---

4. Uniform Local Rule 6(a) serves the same purpose today.

specifics requested by Interrogatory No. 28. The subparts of Interrogatory No. 28 do not expand the scope of the question, "Please describe Train No. 765." Indeed, the subparts serve to narrow the scope by informing defendant of the precise descriptive details desired by plaintiff and relieves defendant of any obligation to supply other information. It also reduces the possibility of a motion to compel a further answer if defendant's answer to the general question, "Please describe Train No. 765," should fail to contain all of the details desired by plaintiff.

Each of the other 28 interrogatories is similar, in that the subparts call only for information directly related to other information called for by the same interrogatory, and should therefore not be counted separately for purposes of Rule 6(a) analysis. Thus, as the court calculates it, plaintiffs' set of interrogatories contains only 29 separate questions, which is within the limit set by Uniform Local Rule 6(a). It is, therefore

ORDERED:

That defendant's Motion for Protective Order be, and it is hereby, denied, and defendant shall serve its responses to plaintiff's interrogatories served August 1, 1986 within ten days of this date.