**Donald R. MYERS, Janet S. Myers.**

v.

**U.S. PAINT COMPANY, DIVISION of GROW GROUP, INC.**

Civ. A. No. 86–2055–Mc.

United States District Court,
D. Massachusetts.

June 22, 1987.

Donald J. Wood, LeBoeuf, Lamb Leiby & MacRae, Boston, Mass., for plaintiffs.

Andrew E. Shipley, Thomas Dougherty, Skadden, Arps, Slate, Meagher & Flom, Boston, Mass., for defendant.

ORDER ON MOTION OF THE PLAIN-
TIFF, DONALD R. MYERS, FOR
LEAVE TO FILE MORE THAN
THIRTY INTERROGATORIES (# 43)

ROBERT B. COLLINGS, United States Magistrate.

It is ORDERED that the Motion Of The Plaintiff, Donald L. Myers, For Leave To File More Than Thirty Interrogatories (# 43) be, and the same hereby is, DENIED as moot. The plaintiff has served twenty-seven numbered interrogatories. Since Local Rule 16(a)(1) requires a party to seek Court permission only if the party seeks to serve more than thirty interrogatories, the plaintiff does not need the Court's permission to serve the twenty-seven which he has served.

The defendants take the position that the number of interrogatories which the plaintiff has served is actually seventy-three if subparts are counted. They argue that Local Rule 16(a)(1) should be read as prohibiting the serving of more than thirty interrogatories when each subpart is separately counted.

I decline to read the rule as defendants have suggested, primarily on the ground that the rule does not provide for the counting of subparts as separate interrogatories. The current version of Local Rule 16(a)(1) was adopted by the judges of the court who are surely aware of the practice of posing interrogatories which contain various subparts. If the judges wanted to have the subparts separately counted, they most likely would have said so explicitly. They did not, and the only inference I can draw is that the decision was the result of a deliberate choice. At the very least, that inference is stronger than the inference which defendants suggest, i.e. that it was assumed that subparts would be counted in determining the permissible total of thirty.

This is not to say that the Court lacks power in any given case to strike a set of interrogatories in which subparts are utilized merely for the purpose of evading the limit. For example, if the interrogatories were structured in such a way that the subparts to a particular interrogatory bore no relation either to the primary question or to one another, the Court could, on the basis of its inherent powers to enforce its local rules, strike the set as being a deliberate attempt to circumvent Local Rule 16(a)(1). However, if the subparts are a logical extension of the basic interrogatory and seek to obtain specified additional information with respect to the basic inter-

**166**

rogatory, a party does not violate Local Rule 16(a)(1) as it presently stands if the interrogatories, though numbering less than thirty, actually exceed thirty if subparts are counted.

I have reviewed the interrogatories served by the plaintiff in this case. Of the twenty-seven, eleven contain subparts. Of the eleven, there is no instance in which the subparts do not relate to the primary interrogatory and to each other. The plaintiff does not need permission under Local Rule 16(a)(1) to serve them. They shall be considered served on June 22, 1987 for the purpose of computing the time for the defendants to serve answers/objections pursuant to Rule 33(a), F.R.Civ.P.