**Donald L. VALDEZ and Christine J. Valdez, Plaintiffs,**

**v.**

**FORD MOTOR COMPANY, a Delaware corporation; Keesee Motor Company, a Colorado corporation; Bendix Safety Restraints Division, a Division or Subsidiary of Allied–Signal, Inc., a Delaware corporation; or Doe Corporation 101, John Doe 1 through 101, inclusive, Defendants.**

**No. CV–S–90–19–RDF (RJJ).**

United States District Court, D. Nevada.

Feb. 12, 1991.

Gloria J. Sturman of Edwards & Kolesar, Las Vegas, Nev., for plaintiffs.

William Barker, Las Vegas, Nev., for Ford & Keesee.

James Pico, Las Vegas, Nev., for Bendix & Allied–Signal.

Eugene Genson, Los Angeles, Cal., for Allied–Signal.

Riley Beckett, Carson City, Nev., for State Indus. Ins. System.

## OPINION

ROBERT J. JOHNSTON, United States Magistrate Judge.

The Plaintiffs, Donald L. Valdez and Christie J. Valdez (Valdez) initiated this lawsuit against the defendants for personal injuries to Donald L. Valdez as a result of a

single vehicle accident on December 7, 1987. The complaint alleges a defective 1985 Ford Ranger pickup truck and seatbelt system. Causes of action are grounded in theories of negligence, breach of express warranties, breach of implied warranty of marketability, breach of warranty of fitness for a particular purpose, strict liability in tort, defective product design, failure to warn and loss of consortium. The case is before the court on a Motion to Compel filed by Defendant, Ford Motor Company (Ford). The Ford motion requests an order compelling Valdez to answer its interrogatories pursuant to Rule 37 of the Federal Rules of Civil Procedure and an order granting Ford permission, pursuant to Local Rule 190–1(c),[1] to serve upon Valdez a total of eighty (80) interrogatories in this case. Valdez has filed a countermotion for protective order. The Valdez motion seeks an order protecting them from having to answer more than forty (40) interrogatories.

Ford served its first set of eighteen (18) numbered interrogatories upon Valdez. Valdez answered the interrogatories numbered 1 through 15 of this set, but objected to the interrogatories numbered 16, 17 and 18, on the ground that Ford violated Local Rule 190–1(c), which limits the number of interrogatories one party can serve on another party to "forty including sub-parts."

Ford argues that the limitation placed upon the number of interrogatories does not include the additional bits of information requested in its interrogatories. Ford maintains that the additional information requested in its interrogatories does not amount to "subparts" and therefore should not be counted as such when determining the number of interrogatories actually served.

Ford also argues that the limitation placed upon the number of interrogatories does not include subparts which do not require an answer. Interrogatory No. 5 is typical of this category:

5. Had the vehicle, the Ford Ranger pickup truck VIN 1FTCB11ASFVB21592, which is the subject of this action, been involved in any accident prior to the one out of which this litigation rises? If so, please:

(a) State the date of each such accident.

(b) State the name, address, and telephone number of the person driving the vehicle at the time of each accident.

(c) Describe in detail the nature of each accident.

(d) Describe in detail the damage done to the vehicle in each accident.

(e) State the name, address, and telephone number of each person or entity that performed repair services on the vehicle after each accident.

(f) Give the name of each insurance carrier who investigated each accident.

Ford contends that inasmuch as Valdez answered the initial question in the negative, the subparts do not require an answer and therefore should not be counted as propounded interrogatories. Valdez argues that Local Rule 190–1(c) means exactly what it says, that all interrogatories and subparts propounded are subject to the limitation.

### CONSTRUCTION OF LOCAL RULE 190.1(c)

"It is undisputed that district courts have the authority to 'prescribe rules for the conduct of their business' in any manner not inconsistent with the federal rules or Acts of Congress." *United States v. Warren,* 601 F.2d 471, 473 (9th Cir.1979); 28 U.S.C. § 2071; Fed.R.Civ.P. 83. Local Rule 190–1(c) was properly enacted and is valid. "District courts have broad discretion in interpreting and applying their local rules." *Miranda v. Southern Pac. Transp. Co.,* 710 F.2d 516, 521 (9th Cir. 1983) (cited with approval in *Guam Sasaki*

---

**1.** Local Rule 190–1(c) provides that:

Unless otherwise ordered by the court, the total number of interrogatories propounded to each party by any other party pursuant to Fed. R.Civ.P. 33 shall be limited to 40 including sub-

parts. The interrogatories shall be tailored to the needs of the particular case. Failure to comply with the provisions of this Rule will justify the imposition of sanctions.

*Corp. v. Diana's Inc.*, 881 F.2d 713, 715 (9th Cir.1989)). The Local Rules of Practice for the District Court for the District of Nevada supplement the Federal Rules of Civil Procedure and "shall be construed so as to be consistent with those Rules and to promote the just, efficient and economical determination of every action and proceeding." Local Rule 100–4.

■ The procedure for interpreting a local rule should parallel the process used in the construction of statutes. "In construing a statute, this court first looks to the plain meaning of the language in question." *Pyramid Lake Paiute Tribe v. U.S. Dept. of Navy*, 898 F.2d 1410, 1417 (9th Cir.1990). "The plain meaning governs … unless such plain meaning would lead to absurd results." *Dyer v. U.S.*, 832 F.2d 1062, 1066 (9th Cir.1987).

■ Local Rule 190–1(c) provides in relevant part that "the total number of interrogatories propounded to each party by any other party pursuant to Fed.R.Civ.P. 33 shall be limited to 40 including subparts." The plain meaning of the language in the rule is clear and unambiguous. Local Rule 190–1(c) requires that every part of an interrogatory be counted and subject to the limitation of 40.

Some courts have adopted local rules limiting the number of interrogatories while not requiring the counting of subparts as separate interrogatories. *Myers v. U.S. Paint Co., Div. of Grow Group, Inc.*, 116 F.R.D. 165 (D.Mass.1987). Other courts that require the counting of each subpart as a separate interrogatory make an exception for subparts that call for information directly related to the basic interrogatory. *Clark v. Burlington Northern R.R.*, 112 F.R.D. 117, 120 (N.D.Miss.1986).

Local Rule 190–1(c) requires that every propounded subpart of an interrogatory be counted, even when a subpart relates to the main interrogatory. The Ford interrogatories contained subparts and since each subpart propounded must be counted as a separate interrogatory, more than forty (40) interrogatories were served.

## APPLICATION OF LOCAL RULE 190–1(c)

■ Since the number of interrogatories is limited to 40 per party, when one party wants to exceed that number and the other party opposes the suggestion a discovery dispute arises.[2] Local Rule 190–1(f)(2) requires counsel to personally consult each other and to exert sincere effort to resolve the dispute before involving the court.[3] Every time parties involve the court the cost of the litigation rises. When consulting with one another counsel should be mindful of the nature and complexity of the lawsuit and whether "subparts are a logical extension of the basic interrogatory and seek to obtain specified additional information with respect to the basic interrogatory." *Myers v. U.S. Paint Co.*, 116 F.R.D. 165, 165–66 (D.Mass.1987). Although this court declines to accept the "related questions" standard adopted in *Clark v. Burlington Northern R.R.*, 112 F.R.D. 117 (N.D.Miss.1986), counsel should consider that standard during their "personal consultation" efforts. This court will grant permission to exceed the local limitation liberally if the subparts are "related questions." The questions in *Clark* give a clear example of the type of questions counsel should readily agree upon during their efforts to resolve a discovery dispute pursuant to Local Rule 190–1(f)(2).

If after personal consultation the parties cannot agree then the serving party is required, under Local Rule 190–1(c), to receive permission from the court to serve interrogatories exceeding 40 before serving the interrogatories. This court takes a lenient approach in granting permission to

---

**2.** All *propounded* interrogatories and *subparts* should be counted by the parties. If the parties disagree on the count, they should use the count that produces the greatest number of interrogatories. This interpretation will avoid litigation over the routine tabulation of interrogatories and subparts in a propounded set of interrogatories.

**3.** "Discovery motions will not be considered unless a statement of moving counsel is attached thereto certifying that, after personal consultation and sincere effort to do so, counsel have been unable to satisfactorily resolve the matter." Local Rule 190–1(f)(2).

exceed the 40 interrogatory limitation. If a party submits a reasonable set of interrogatories it will be approved. Once the serving party has followed this procedure the answering party will be required to answer the interrogatories pursuant to Rule 33.

In this case, Ford served Valdez with a set of interrogatories which exceeded the number allowed under the local rule without first requesting and receiving permission from the court. Since the proper procedure was not outlined prior to this opinion, Valdez cannot be faulted for its actions in this case. However, in the future, counsel will be required to follow the procedure outlined in this Opinion.

IT IS HEREBY ORDERED that the Motion to Compel Valdez to answer the interrogatories numbered 16, 17 and 18 is denied.

IT IS FURTHER ORDERED that the Ford request for permission to serve Interrogatories Nos. 16, 17 and 18 is granted; and,

IT IS FURTHER ORDERED that counsel for the parties shall personally consult regarding additional interrogatories that exceed the local rule limitation.

IT IS FURTHER ORDERED that Plaintiff's Countermotion for Protective Order is denied.