**Mildred Kay GINN, f/k/a Mildred Kay Naslund, Glenn R. Taylor, Patrick J. Gallahan, Josephine Anguiano, Eva Ingrassia, Cathy Shepard, Steven Hall, Veronica Gonzalez, and Daniel Reese, Plaintiffs,**

v.

**GEMINI INC., doing business as Lady Luck Casino and Hotel, and Does I through XXX, inclusive, Defendants.**

No. CV–S–90–928–LDG (LRL).

United States District Court, D. Nevada.

June 5, 1991.

Brian K. Berman and John J. Tofano, Las Vegas, Nev., for plaintiffs.

Cam Ferenbach and C. Edward Gerdes Jr. of Lionel Sawyer & Collins, Las Vegas, Nev., for defendants.

### ORDER

LAWRENCE R. LEAVITT, United States Magistrate Judge.

The dispute which brings this matter to the Court arises out of the limitation imposed by Local Rule 190, subd. 1(c)[1] on the number of interrogatories which one party may propound to another party. Rule 190, subd. 1(c) limits the number to 40, including subparts. The question before the Court centers on the interpretation to be given to the phrase "including subparts."

Earlier in this litigation, Defendant served its first set of interrogatories on the nine named Plaintiffs. Each set included from 10 to 21 interrogatories. Most of

---

**1.** Local Rule 190, subd. 1(c) provides:

Unless otherwise ordered by the court, the total number of interrogatories propounded to each party by any other party pursuant to Fed. R.Civ.P. 33 shall be limited to 40 including sub-

parts. The interrogatories shall be tailored to the needs of the particular case. Failure to comply with the provisions of this Rule will justify the imposition of sanctions.

these interrogatories, however, contained one or more compound questions or subparts. Plaintiffs refused to answer any of the interrogatories, contending that, including subparts, Defendant's interrogatories exceeded the limit imposed by Local Rule 190, subd. 1(c). Defendant contends that it is well within the limit imposed by Local Rule 190, subd. 1(c), because the interrogatory subparts are sufficiently related to each other to be counted as a single interrogatory.[2]

Notwithstanding the fact that a party may seek leave of Court to serve interrogatories in excess of Local Rule 190, subd. 1(c)'s limit, the issue of what constitutes *one* interrogatory has arisen with increasing frequency. Disputes often arise where, as here, an interrogatory consists of compound questions or subparts (or both), allegedly to circumvent the 40 interrogatory limit.

Although Local Rule 190, subd. 1(c) specifically provides that "the total number of interrogatories propounded to each party ... shall be limited to 40 *including subparts*", (emphasis added), Defendant argues that when the subparts are related, they should be counted as but one interrogatory for purposes of the Rule. At least one court has adopted Defendant's position in connection with a similar local rule in the Northern District of Mississippi. *Clark v. Burlington Northern R.R.*, 112 F.R.D. 117

(N.D.Miss.1986). *Clark* found that "'an interrogatory is to be counted as but a single question for purposes of [our local rule], even though it may call for an answer containing several separate bits of information, if there is a direct relationship between the various bits of information called for.'" *Id.* at 118 (quoting *Holcombe v. Southern Towing Co.*, No. DC 81–167–LS–O (N.D.Miss. Mar. 17, 1982) (Order)).[3]

The Court is aware that another Magistrate Judge in this District has adopted a contrary interpretation of Local Rule 190, subd. 1(c). *Valdez v. Ford Motor Company*, 134 F.R.D. 296 (D.Nev.1991). In that case the Court declined to adopt *Clark's* related question exception and instead held that "Local Rule 190.1(c) requires that *every part* of an interrogatory be counted and subject to the limitation of 40." *Id.* at 298 (emphasis added).

In my view, *Valdez'* strict interpretation of Local Rule 190, subd. 1(c) forces litigants to choose between two equally unattractive options. In the interests of conserving the number of interrogatories used, a party may tend to propound questions that are objectionably vague or compound.[4] If, on the other hand, the propounding party includes logically or factually related and subsumed subparts in order to give the interrogatory the desired degree of specificity, a literal reading of Local Rule 190, subd. 1(c) would require

---

**2.** Defendant also contends that Local Rule 190, subd. 1(c) is invalid because it is inconsistent with Fed.R.Civ.P. 26(b)(1). *See* Fed.R.Civ.P. 83; 28 U.S.C. § 2071. Because the Court finds that Defendant has complied with Local Rule 190, subd. 1(c), this issue need not be reached. It is difficult, however, for the Court to understand the problem that some counsel have with this Rule. Local Rule 190, subd. 1(c) merely creates a rebuttable presumption that 40 interrogatories propounded on each party will be adequate in most cases. Additionally, the Rule provides that a party may seek leave of Court to serve interrogatories in excess of the limitation. Such leave is normally given upon a modest showing that the information sought in the additional interrogatories is relevant, not easily available through another discovery technique, and not unduly burdensome or oppressive. This is consistent with the Court's desire to minimize redundancy in discovery, to limit the use of discovery as a tactical weapon, and to encourage lawyers to think through their discovery activi-

ties in advance so that full advantage is taken of each set of interrogatories. *See* Fed.R.Civ.P. 26 advisory committee's note on 1983 amendment.

**3.** In *Myers v. U.S. Paint Co.*, 116 F.R.D. 165 (D.Mass.1987), the court also found that subparts should not be counted as separate interrogatories for purposes of the District of Massachusetts' rule limiting interrogatories "if the subparts are a logical extension of the basic interrogatory and seek to obtain specified additional information with respect to the basic interrogatory...." *Id.* at 165–66. That rule, however, does not specifically "provide for the counting of subparts as separate interrogatories," as Local Rule 190, subd. 1(c) does. *Id.*

**4.** Such an interrogatory might read: "'Please describe Train No. 765 at the time of its collision with the plaintiff's automobile.'" *Clark v. Burlington Northern R.R.*, 112 F.R.D. 117, 119 (N.D.Miss.1986).

**322**

that each such subpart, no matter how narrowly drawn, be counted as a separate interrogatory.[5] The latter option could too quickly exhaust the propounding party's supply of interrogatories, and unnecessarily cramp the party's fact-gathering ability. Legitimate discovery efforts should not have to depend upon linguistic acrobatics, nor should they sap the court's limited resources in order to resolve hypertechnical disputes. The Court therefore holds that interrogatory subparts are to be counted as part of but one interrogatory for the purposes of Local Rule 190, subd. 1(c) if they are logically or factually subsumed within and necessarily related to the primary question.

A review of the interrogatories here at issue persuades the Court that Defendant has not exceeded the 40–interrogatory limit of Local Rule 190, subd. 1(c). The subparts of each interrogatory are sufficiently related to the primary question to be counted as only one interrogatory.[6] Accordingly, and good cause appearing,

IT IS HEREBY ORDERED that Defendant's Motion to Compel Answers to Interrogatories (# 5) is granted. Plaintiffs shall respond fully and accurately to Defendant's interrogatories not later than June 21, 1991.

IT IS FURTHER ORDERED that neither party shall receive an award of attorney fees.

---

**5.** The general interrogatory in note four actually requested the following information:

"'(a) The full name, number or other designation of the train;

"'(b) The name of the manufacturer of each of the train's engines, the manufacturer's serial number and manufacturer's model number;

"'(c) The number of cars included in the train; and,

"'(d) The weight and contents of each car, including the engines, of the train.'"

*Clark v. Burlington Northern R.R.*, 112 F.R.D. 117, 119 (N.D.Miss.1986).

In fact, a hypertechnical reading of subparts (a), (b) and (d) could leave the propounding party open to the objection that because these subparts are compound in nature, they contain further subparts which are to be counted separately. The absurdity of such a result is apparent.

**6.** For example, in this action for wrongful discharge brought by Plaintiffs against their former employer, Defendant propounded the following interrogatory with respect to a claim for breach of *implied-in-fact contract*, which was typical of numerous other interrogatories concerning the many other claims set forth in the complaint:

"With respect to each type of loss or damage alleged in paragraph 32 of the Complaint, please state the amount of each such loss or damage, together with the factual basis for your claiming that amount and all calculations on which you rely in claiming that amount."