**AETNA CASUALTY & SURETY COMPANY, Plaintiff,**

v.

**W.W. GRAINGER, INC., Defendant.**

No. 96–C–187.

United States District Court,
E.D. Wisconsin.

Feb. 28, 1997.

Burditt & Radzius, Chartered by Mark W. Rattan, Chicago, IL, for Plaintiff.

Jenner & Block by John H. Mathias, Jr., Milwaukee, WI, for Defendant.

## DECISION AND ORDER

MYRON L. GORDON, District Judge.

Presently before the court is a motion to compel answers to interrogatories under Rule 37, Federal Rules of Civil Procedure, filed by the plaintiff, Aetna Casualty & Surety Company ["Aetna"]. The interrogatories at issue were served on the defendant, W.W. Grainger, Inc. ["Grainger"] on October 18, 1996. Grainger objects to Aetna's interrogatories on the ground that they violate Local Rule 7.03 which limits the allowable number of interrogatories to 15. Specifically, Grainger maintains that, counting subparts, the interrogatories number 120.

Local Rule 7.03 provides, in pertinent part: "Any party may serve upon any other party up to 15 written interrogatories. The 15 permissible interrogatories may not be expanded by the creative use of subparts.... The court will not compel a party to answer any interrogatories served in violation of this rule."

A review of the interrogatories served by Aetna reveals that, if each subpart is counted as a separate question, the interrogatories aggregate substantially more than the 15 which are permitted under Local Rule 7.03. Indeed, the first interrogatory alone has 23 subparts. Nevertheless, the plaintiff argues that decisions from other jurisdictions establish that subparts need not be counted as separate interrogatories if they are a "logical extension" or are directly related to the basic interrogatory. *See Ginn v. Gemini, Inc.,* 137 F.R.D. 320, 321–22 (D.Nev.1991); *Myers v. U.S. Paint Company,* 116 F.R.D. 165 (D.Mass.1987); *Clark v. Burlington Northern R.R.,* 112 F.R.D. 117, 118 (N.D.Miss. 1986). *But cf., Valdez v. Ford Motor Co.,* 134 F.R.D. 296 (D.Nev.1991).

In response, Grainger urges the court to enforce the plain language of the local rule which requires subparts to be considered as separate interrogatories in determining whether the limitation has been exceeded.

█ In my opinion, Local Rule 7.03 contemplates that each subpart is to be counted as one interrogatory in calculating the 15-interrogatory limit. To hold otherwise would effectively render the sentence "[t]he 15 permissible interrogatories may not be expanded by the creative use of subparts" meaningless. Moreover, Local Rule 7.03 permits a party to seek leave of court to serve more than 15 interrogatories. Thus, the arguments presently advanced by the plaintiff would have been more appropriately raised in a motion seeking leave to file additional interrogatories.

█ Accordingly, because Aetna's interrogatories violate Local Rule 7.03, I will deny Aetna's motion to compel answers to interrogatories. In addition, I will award costs, excluding attorney's fees, to Grainger in accordance with Rule 37(a)(4)(B), Federal Rules of Civil Procedure, because I do not believe that Aetna was "substantially justified" in bringing the instant motion.

Therefore, IT IS ORDERED that Aetna's motion to compel answers to interrogatories be and hereby is denied, with costs, as provided under Rule 37(a)(4)(B), Federal Rules of Civil Procedure.