Suzy L. KENDALL, Plaintiff,

v.

GES EXPOSITION SERVICES,
INC., et al., Defendant.

No. CV–S–96–414–RLH.

United States District Court,
D. Nevada.

Aug. 8, 1997.

## ORDER

HUNT, United States Magistrate Judge.

Before the Court is **Plaintiff's Motion to Compel Discovery** (# 37, filed June 9, 1997). It is accompanied by an Affidavit of Edgar Carranza, Esq. (# 38) which purports to show good faith attempts to confer with Defendant to secure disclosure prior to intervention by the Court. GES's Opposition (# 43) was filed July 11, 1997. Plaintiff's Reply (# 45) was filed August 1, 1997.

The dispute arises from the interpretation and application of Local Rule 33–1(b) [1] and

---

1. LR 33–1(b) states as follows: "Unless otherwise ordered by the court or stipulated by the parties, the total number of interrogatories propounded to each party by any other party shall be limited to forty (40), including discrete subparts. The interrogatories shall be tailored to the needs of the particular case. Failure to com-

Fed.R.Civ.P. 33(a) to "discrete subparts" of interrogatories. The Court finds that both parties have misconstrued the rules. The Court further finds that neither party has made a good faith effort to resolve the dispute, but their intransigence makes resolution impossible, short of the Court's intervention. Accordingly, the Court will address the motion, but will decline to award attorneys' fees.[2]

Plaintiff Kendall has served three sets of interrogatories. The first set was numbered Interrogatories No. 1–13. The second set was numbered 14–29. The third set was numbered 30–31. She has also served requests to produce. Request No. 29, which refers to Interrogatory No. 29, is the one at issue here.

Defendants determined that some of the interrogatories contained discrete subparts which should be counted separately. By Defendants' calculation, they had answered the maximum number allowed by Local Rule 33–1(b) (i.e., 40) when they had answered the first 24 interrogatories and objected to the remainder on the grounds that they exceeded the number allowed. Consequently, Defendants responded to Request No. 29 as being not applicable.

Plaintiff contends that all portions of each interrogatory are related to and subsumed in the first question of the interrogatory. Defendants arbitrarily determined that the use of the words, "and" and "also" identified discrete subparts which should be counted separately. Correspondence was exchanged and discussions held wherein both sides of the argument adamantly stood by their positions (although apparently there has been supplementation of some responses to discovery requests). Thus, the matter is before this Court.

Prior decisions by Magistrate Judges of this District have dealt with this question when the rule required the counting of the number of interrogatories "including subparts." *Valdez v. Ford Motor Company*, 134 F.R.D. 296 (D.Nev.1991) (by Judge Robert J.

Johnston), and *Ginn v. Gemini Inc.*, 137 F.R.D. 320 (D.Nev.1991) (by Judge Lawrence R. Leavitt). The rules now use the term "discrete subparts." The word, "discrete," essentially means, "separate."

This Court favors the approach of Judge Leavitt, in *Ginn*, particularly in view of the clarification in the language of the rules.[3] The Court understands that the author of *Valdez* acknowledges that the *Ginn* decision is correct, at least in view of the current rule language.

*Ginn* held as follows:

The Court therefore holds that interrogatory subparts are to be counted as part of but one interrogatory for the purpose of Local Rule 190, subd. 1(c) if they are logically or factually subsumed within and necessarily related to the primary question.

*Ginn*, 137 F.R.D. at 322.

■ This Court agrees with that decision and adopts it herein. However, the more difficult question is determining whether the subparts are "logically or factually subsumed within and necessarily related to the primary question." If the questions are relevant to the case, it could be argued that all the interrogatories are "related." If that were the case, then all the interrogatories would only be counted as one and there could never be an excessive number. By the same token, the mere inclusion of "and" or "also" in a question (or double question) does not automatically mean the questions are separate or "discrete" and not subsumed within the initial or primary question.

Probably the best test of whether subsequent questions, within a single interrogatory, are subsumed and related, is to examine whether the first question is primary and subsequent questions are secondary to the primary question. Or, can the subsequent question stand alone? Is it independent of the first question? Genuine subparts should not be counted as separate interrogatories. However, discrete or separate questions

---

ply with the provisions of this rule may result in sanctions."

**2.** The Court considered ordering both parties to reimburse the Court for the necessity of taking time to make the exhaustive examination of each

interrogatory to determine whether it involved one or more questions.

**3.** Former Local Rule 90–1(c) was modified (and renumbered to LR 33–1(b)) in 1995 to include the word, "discrete."

should be counted as separate interrogatories, notwithstanding they are joined by a conjunctive word and may be related.

By way of example of both kinds of questions, the Court will refer to examples from the interrogatories in dispute. The following constitute interrogatories with legitimate subparts which are subsumed in the primary question:

**INTERROGATORY NO. 10:** Was "KENDALL" given any warning/reprimand during her employment with Defendants? If so, identify each warning/reprimand by date of incident, brief description of the incident and person who administered the warning/reprimand by name, gender, position and address.

**INTERROGATORY NO. 16:** In response to Plaintiff's Interrogatory No. 8, Defendants Answer by stating, inter alia, that Kendall was "called to work in freight GES after December 1991 and declined the work." Identify each and every instance by date, show and labor list reflecting Defendants' assertion that Kendall was called to work in freight at GES and declined. Also, identify the person who administered the labor call and drafted the labor list.

■ In the first example, all the questions are designed to describe any warning/reprimand. In the second example, the questions seek to identify instances where the Plaintiff was called to work but declined. The subsequent questions in each interrogatory are necessary to complete the details required in the identification.

The following are examples of independent questions being improperly combined into one interrogatory (sometimes by using "and" or "also" to join the questions):

**INTERROGATORY NO. 1:** Identify fully the minimum qualifications for an employee to be hired onto "freight," including, but not limited to, the ability to drive heavy machinery, experience in the industry, and all other criteria used by Defendants. Also, identify any document in which these qualifications are articulated.

**INTERROGATORY NO. 11:** State, with particularity, the value of "KENDALL'S" yearly compensation while employed by Defendants, including, but not limited to, salary, incentive payments, bonuses, life insurance, contributions to pensions plan medical insurance and state the basis by which the Defendant arrives at the value for each. Also, set forth the value of all increases to salary and other benefits that "KENDALL" would have received as a matter of course if she would have continued to be employed by Defendants, giving the inclusive dates during each was applicable.

■ In the first example, the first question asks for a description of qualifications. The second question asks for a description of documents. The first question can be answered fully and completely without answering the second question. The second question is totally independent of the first and not "factually subsumed within and necessarily related to the primary question." *See Lawrence v. First Kansas Bank & Trust Co.*, 169 F.R.D. 657, 660–661 (D.Kan.1996). The second question is really a fugitive request for production of documents and the discovery effort would be better served in that format.

■ In the second example, the first question, which contains a number of legitimate subparts, asks for a calculation of past compensation and benefits actually received by the Plaintiff. The second question, however, asks for a calculation of speculative increases in salary and benefits based upon a hypothetical situation. While both questions may be related to the issue of Plaintiff's claims for damages, they are separate and distinct questions which require separate calculations. Each question is independent of the other and can stand alone. The second question is not subsumed in the first.

It is evident from the foregoing that the motion should be granted in part and denied in part. Many of the interrogatories have discrete subparts and some do not. In keeping with the spirit of the moving and opposing papers, the Court will not restate each interrogatory and the response thereto. It will identify each interrogatory and whether it shall be counted as one, or more than one, interrogatory, for the purposes of Rules 33 and LR 33–1. It will then direct responses to the appropriate interrogatories (and one request to produce) in keeping with its decision.

Interrogatory No. 1 should be counted as two separate interrogatories.

Interrogatory No. 2 should be counted as three separate interrogatories.

Interrogatory No. 3 should be counted as three separate interrogatories.

Interrogatory No. 4 should be counted as two separate interrogatories.

Interrogatory No. 5 should be counted as only one interrogatory.

Interrogatory No. 6 should be counted as only one interrogatory.

Interrogatory No. 7 should be counted as only one interrogatory.

Interrogatory No. 8 should be counted as only one interrogatory.

Interrogatory No. 9 should be counted as only one interrogatory.

Interrogatory No. 10 should be counted as only one interrogatory.

Interrogatory No. 11 should be counted as two interrogatories.

Interrogatory No. 12 should be counted as only one interrogatory.

Interrogatory No. 13 should be counted as only one interrogatory.

Interrogatory No. 14 should be counted as two interrogatories.

Interrogatory No. 15 should be counted as two interrogatories.

Interrogatory No. 16 should be counted as only one interrogatory.

Interrogatory No. 17 should be counted as only one interrogatory.

Interrogatory No. 18 should be counted as two interrogatories.

Interrogatory No. 19 should be counted as two interrogatories.

(Interrogatory No. 19 could have been drafted as one legitimate interrogatory but it was not.)

Interrogatory No. 20 should be counted as two interrogatories.

Interrogatory No. 21 should be counted as one interrogatory.

Interrogatory No. 22 should be counted as one interrogatory.

Interrogatory No. 23 should be counted as one interrogatory.

Interrogatory No. 24 should be counted as one interrogatory.

Interrogatories No. 1 through 24 constitute 36 interrogatories rather than the 40 claimed by Defendants. Therefore, Defendants are ordered to answer the next four interrogatories. However, the Court notes that Interrogatory No. 26 should be counted as two interrogatories. Defendants are required to answer Interrogatories Nos. 25, 26 and 27.

Because Defendants are not required to answer Interrogatory No. 29, the Court finds the Response to Request to Produce No. 29 adequate and will deny the motion in that regard.

For the reasons stated above,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Compel Discovery (# 37) is granted in part and denied in part as follows: It is granted to the extent that Defendants shall provide answers to Interrogatories 25, 26 and 27 within 21 days of the date of this order. It is denied in all other aspects.

**IT IS FURTHER ORDERED** that demands for attorneys fees are denied.