Lowry v. Cabletron Systems          CV-96-452-SD 09/08/97

**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**


Doris Lowry

          v.                              Civil No. 96-452-SD

Cabletron Systems, Inc.


**O R D E R**


     This matter is before the court for resolution of issues
raised by certain pending motions.


1.  Defendant's Motion in Limine to Exclude Expert Evidence,
document 8

     On December 31, 1996, the magistrate judge approved and
adopted the Report of Parties' Planning Meeting as the
preliminary pretrial order.  In relevant part, said pretrial
order provided that plaintiff would disclose her experts and
their written reports by June 15, 1997.  On June 20, 1997, the
motion at issue was filed.

     By a filing dated August 22, 1997,[1] plaintiff objects to the
motion.  Document 13.  In her objection, plaintiff indicates "she
has not yet chosen or consulted an expert for testimony in this

_____

     [1]This objection is untimely as it should have been filed by
July 10, 1997.  The court has, however, considered it.

matter." Id.

It is well established in the First Circuit that where a previous court order sets a deadline for identification of a witness and a party fails, without adequate excuse, to so identify such witness, the court may exclude the witness. Coastal Fuels of Puerto Rico v. Caribbean Petroleum, 79 F.3d 182, 203 (1st Cir.), cert. denied, ___ U.S. ___, 117 S. Ct. 294 (1996). That rule here applies and, as plaintiff has failed to comply with the preliminary pretrial order concerning disclosure of her expert, the defendant's motion is granted and plaintiff is herewith precluded from any proffer of expert testimony at the trial of this litigation.


2. Defendant's Motion to Dismiss or, in the alternative, to Compel More Responsive Answers to Interrogatories, document 10

On March 21, 1997, defendant served interrogatories on plaintiff. By subsequent agreement of counsel, the time for serving answers thereto was extended to June 13, 1997.

On June 20, 1997, defendant moved to compel the answers to interrogatories (document 9), and on July 24, 1997, the magistrate judge granted that motion to compel, directing plaintiff to comply within ten days or show cause why the action should not be dismissed.

On August 2, 1997, plaintiff complied in part by serving her answers to certain interrogatories. Defendant contends, however, that plaintiff's failure to provide more responsive answers to interrogatories numbered 11, 12, and 13 mandates granting of the instant motion. Plaintiff objects on the ground that the total number of interrogatories filed is excessive and that interrogatories 11, 12, and 13 cannot be answered as posed.[2]

Rule 33(a), Fed. R. Civ. P., provides that absent court permission or written stipulation, interrogatories should not exceed 25 in number "including all discrete subparts."[3] Local

---

[2]Interrogatory 11 seeks disclosure of "every fact on which you rely in asserting that [defendant] discriminated against you because of disability(ies)." Contending that this interrogatory was overbroad and vague, plaintiff objected, but further replied to the effect that she would rely on the facts set forth in her complaint, together with such other facts as may be elicited from the witnesses at trial.
Interrogatory 12 seeks the same information with respect to plaintiff's claim of age discrimination and was answered in the same fashion.
Interrogatory 13 seeks the same information with respect to plaintiff's claim of gender discrimination and was also answered in the same fashion.

[3]There is a dispute among the courts with respect to the counting of subparts of interrogatories. A court in this circuit has held that subparts need not be counted as separate interrogatories if they are logical extensions of the basic interrogatory. Myers v. United States Paint Co., Div. of Grow Group, Inc., 116 F.R.D. 165, 165-66 (D. Mass. 1987). Other districts literally count each subpart as a separate interrogatory. Aetna Casualty & Surety Co. v. W.W. Grainger, Inc., 170 F.R.D. 454, 455 (E.D. Wis. 1997).
The court finds it unnecessary to attempt to resolve this dispute in light of the fact that even without counting subparts

Rule 26.1(e)(2) largely follows Rule 33(a).

In the instant case, defendant served, without counting subparts thereof, 32 interrogatories on plaintiff. Accordingly, plaintiff had the option of objecting thereto within 30 days, Rule 33(b)(3), Fed. R. Civ. P., but chose not to follow this course. Instead, plaintiff chose to both answer and object, which resulted in a waiver of objection and establishment of the validity of the answers made. 7 MOORE'S FEDERAL PRACTICE § 33.174, at 33-96 (3d ed. Matthew Bender 1997).

Under these circumstances, it appears that plaintiff should be compelled to more completely answer interrogatories 11, 12, and 13. The court disagrees with plaintiff that the interrogatories are overbroad. At this stage of this litigation, plaintiff should actually know what witnesses with respect to what of her varied complaints will be able to testify in support of her various claims of damages.[4]

Accordingly, plaintiff is here granted to September 26, 1997, to serve upon defendant fully responsive answers to

the interrogatories here filed exceeded 25 in number.

[4]The court also disagrees that plaintiff sets forth facts in her complaint sufficient to supply the requested discovery. By this time, she should know and be able to state, for example, that witnesses A, B, and C (together with their addresses) would testify to incidents X, Y, and Z in support of her disability claim; that witnesses D, E, and F would also be able to testify with respect to her age discrimination claim, etc.

interrogatories 11, 12, and 13.  Plaintiff's motion is accordingly granted to such extent.

However, as defendant exceeded the agreed-upon number of interrogatories,[5] and did not seek permission from the court to serve interrogatories in excess of such number, that part of its motion which seeks sanctions must be and it is herewith denied.

## 3.  Defendant's Motion to Extend Deadline for Defendant's Expert Disclosure, document 11

This motion seeks, in light of plaintiff's failure to more fully answer interrogatories 11, 12, and 13, to have the court extend for a period of 60 days from the date plaintiff answers such interrogatories the date for disclosure of defendant's experts.  Plaintiff has filed no response to this motion.[6]  Accordingly, the defendant's motion is herewith granted.

## 4.  Conclusion

For the reasons hereinabove set forth, the court has granted defendant's motion in limine to exclude expert evidence (document 8); has granted in part defendant's motion to compel more

---

[5]In the Report of Planning Meeting which became a pretrial order, the parties agreed to a limitation of 25 interrogatories.

[6]The deadline for filing such response was September 2, 1997.

responsive answers to interrogatories (document 10), and has granted defendant's motion to extend the time for disclosure of defendant's experts (document 11).

**SO ORDERED.**

_____
Shane Devine, Senior Judge
United States District Court

September 8, 1997

cc:    Sven Wiberg, Esq.
       Andru H. Volinsky, Esq.