**JOHN THEOBLES, Plaintiff**
**v.**
**INDUSTRIAL MAINTENANCE COMPANY (IMC), HOVIC AND**
**HOVENSA, LLC, Defendants**

Civil No. 02-0143
District Court of the Virgin Islands
Division of St. Croix
November 27, 2006

K. GLENDA CAMERON, ESQ., Law Offices of Rohn and Cameron, LLC, Christiansted, St. Croix, U.S. Virgin Islands, *Attorney for Plaintiff*.

LINDA J. BLAIR, ESQ., Bryant, Barnes, Moss & Beckstedt, LLP, Christiansted, St. Croix, U.S. Virgin Islands, *Attorney for Defendant HOVENSA, LLC.*

FINCH, *District Judge*

## MEMORANDUM OPINION

(November 27, 2006)

THIS MATTER comes before the Court on Plaintiff's Appeal of the Order of the U.S. Magistrate Judge dated May 4, 2006. Plaintiff contests the Magistrate Judge's finding that Plaintiff propounded in excess of 25 interrogatories.

Although Plaintiff's interrogatories totaled 25, the Magistrate Judge considered that the first five interrogatories actually incorporated 25 separate interrogatories so that Defendant HOVENSA, LLC, did not have to respond to interrogatories 6 though 25, which the Magistrate Judge deemed to exceed the 25 number limitation.

The Advisory Committee explained how the Court should interpret the 1993 Amendments to the Federal Rules of Civil Procedure, limiting the number of interrogatories to 25, including all discrete subpart:

> ▪Each party is allowed to serve 25 interrogatories upon any other party, but must secure leave of court (or a stipulation from the opposing party) to serve a larger number. Parties cannot evade this presumptive limitation through the device of joining as "subparts" questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.

FED. R. CIV. P. 33, advisory committee's note, 1993 Amend.[1]

---

[1]    In *Nyfield v. Virgin Islands Telephone Corp.*, 200 F.R.D. 246, 248 (D.V.I. 2001), a former Magistrate Judge, purportedly following the advisory committee's guidance, found the following two interrogatories to consist of two interrogatories each:

> 3. Interrogatory No. 7 constitutes two interrogatories. One inquires concerning the reason for elimination of Plaintiff's position and the other concerns those persons who were involved in the decision-making process.

■ "[O]nce a subpart of an interrogatory introduces a line of inquiry that is separate and distinct from the inquiry made by the portion of the interrogatory that precedes it, the subpart must be considered a separate interrogatory no matter how it is designated." *Willingham v. Ashcroft*, 226 F.R.D. 57, 59 (D.D.C. 2005). For example, an interrogatory asking the "opponent to state whether a particular product was tested and then demand[ing] to know when the tests occurred, who performed them, how and whether they were conducted and the result" are all questions relating to a single topic and constitute a single interrogatory. *Banks v. Office of the Senate Sergeant-At-Arms*, 222 F.R.D. 7, 10 (D.D.C. 2004). Similarly an interrogatory asking whether an employee was given any warning or reprimand during her employment, to identify the warning or reprimand by date, with a brief description of the incident and the name, gender, position and address of the person who administered the warning or reprimand are all questions designed to describe any warning or reprimand and thus is considered a single interrogatory. *Kendall v. GES Exposition Servs., Inc.*, 174 F.R.D. 684, 686 (D. Nevada 1997).

The Court applies these principles in reviewing the Magistrate Judge's determination that the first five interrogatories incorporated 25 separate and distinct questions. Interrogatory No 1, in its entirety, reads:

> State whether HOVENSA instructed or had any influence, involvement, authorization, approval, disapproval or connection with the hiring, employment decisions, transfer, termination, lay-off, promotion, pay, training, benefits, vacation, job classification, seniority, work, scope of work, work to be performed, manner in which work was performed, hours worked and/or overtime to be worked for positions in

---

4. Interrogatory No. 16 constitutes two interrogatories. One inquires concerning the reason for Plaintiff's transfer and the other concerns those persons who were involved in the decision-making process.

The analysis in *Banks* complies more closely with the goals of Rule 33 as expressed by the advisory committee. *Banks*, 222 F.R.D. at 11. The objecting party in *Banks* "insist[ed] that asking about what duties plaintiff was given or had taken away is distinct from asking who added them or took them away." *Id.* The court disagreed, holding that these two inquiries formed a single interrogatory: "These two topics are too intimately, and logically connected to have to be divided into separate questions."

*Nyfield* is overruled to the extent that it does not conform with this proposition of *Banks*. Interrogatories No. 7 and 16, as described in the *Nyfield* opinion, each constitute only a single interrogatory.

the Security Department and/or Lock and Key Section or Department at the Hess Refinery St. Croix, including but not limited to Lock and Key Smith, Lock and Key Specialist and Manager of Lock and Key Department at the Hess Refinery St. Croix, including, but not limited to, plaintiff, Nicolas Henry and George Millard, during the 5 years prior to and 1 year subsequent to January 18, 2002, and set forth with specificity a description of the instruction, influence, involvement, authorization, approval, disapproval or connection, applicable dates and identify all persons having knowledge of such information.

■ Interrogatory No. 1 seeks information concerning HOVENSA's control over the employees of the department in which Plaintiff worked during the relevant period. It asks for a description of the degree of control, the positions or people within the department over which HOVENSA exercised control, the time when such control was exerted, and the people having knowledge of such control. In other words, it requests "the time, place, persons present and contents," which, according to the advisory committee, are subparts of a single interrogatory. The Magistrate Judge's finding that Interrogatory No. 1 contains eight discrete subparts is clearly erroneous.

Interrogatory No. 2 states:

> Identify each individual acting in a supervisory or management position over plaintiff during the course of plaintiff's employment at the Hess Refinery, including, but not limited to Peter Brown, Alex Moorhead, and Nicholas Henry, setting forth as to each, the name and job title, a description of the individual's involvement or participation with regard to plaintiff's employment and applicable dates.

■ Interrogatory No. 2 seeks information concerning Plaintiff's supervision while he worked at the Hess Refinery. Plaintiff requests the identity of the various supervisors, their respective supervisory authority over Plaintiff, and the dates of such supervision. The Magistrate Judge erred in finding that Interrogatory No. 2 contained three discrete subparts, when each of the subparts involves the same line of inquiry. Interrogatory No. 2 is a single interrogatory.

Interrogatory No. 3 requests information concerning any complaints made against Plaintiff while Plaintiff worked at the Hess Refinery as well as actions taken in response to such complaints:

> Set forth each and every complaint, criticism and/or concern received by you of or concerning plaintiff, plaintiff's work performance and/or any actions of plaintiff while working at the Hess Refinery, St. Croix, setting forth a complete description of any such complaint, criticism or concern, by whom such information was communicated, to whom such information was communicated, the applicable date and time, identity all persons with knowledge of such information and set forth all action you took in response to any such information.

The Magistrate Judge considers this question to constitute five separate and distinct interrogatories:

> Interrogatory No. 3 contains (5) discrete subparts: each and every complaint, criticism, and/or concern received by HOVENSA concerning (1) Plaintiff, (2) Plaintiff's work performance and/or (3) actions of Plaintiff while working at the Hess refinery, in addition (4) the identity of all persons with knowledge of such information, and (5) all action taken in response to any such information.

■ Plaintiff could have more generally requested information about any complaints that HOVENSA received about him. Such an interrogatory would have encompassed, complaints "concerning (1) Plaintiff, (2) Plaintiff's work performance and/or (3) actions of Plaintiff while working at the Hess refinery." That Plaintiff asked for the information with greater specificity does not transform this single inquiry into three separate and distinct questions. What the Magistrate Judge identifies as subparts (1) through (4) of Interrogatory No. 3 refer to a single topic, complaints HOVENSA received about Plaintiff and the interrelated inquiry seeking the identity of those who had knowledge of such complaints.

■ What the Magistrate Judge refers to as subpart (5), however, is discrete. It introduces a new topic, that being any action HOVENSA took in response to any information concerning complaints about Plaintiff. While both the question of whether HOVENSA received complaints concerning Plaintiff and what it did in response to such complaints are related to the issue of complaints against Plaintiff, they are separate and distinct questions. "Each question is independent of the other and can stand alone. The second question is not subsumed in the first." *Kendall v. GES Exposition Servs., Inc.*, 174 F.R.D. 684, 686 (D. Nevada 1997). Thus, Interrogatory 3 must be counted as two interrogatories.

Through Interrogatory No. 4, Plaintiff is attempting to establish whether Plaintiff was treated differently than similarly situated employees:

> As to each individual employed at the Hess Refinery St. Croix to perform work in the Security Department and/or Lock and Key Section or Department, including but not limited to positions as Lock and Key Smith, Lock and Key Specialist and Manager of Lock and Key Department at the Hess Refinery St. Croix, including, but not limited to, plaintiff Nicolas Henry, and George Millard during the 5 years prior and 1 year subsequent to January 18, 2002, set forth the following:
>
> a. dates of employment;
> b. race, color and national origin;
> c. age;
> d. job title, duties and description of the work performed;
> e. rate of pay during all times of employment;
> f. experience, qualifications and certifications;
> g. education;
> h. all tests performed to secure and/or maintain employment;
> i. if no longer employed at the Hess Refinery St. Croix, the reason;
> j. whether each was ever promoted or transfer[red], reason and basis and applicable dates;
> k. the date on which the decision was made to place the individual in said position.

The Magistrate Judge would have the Plaintiff seek this information in six separate interrogatories. The first interrogatory would ask for the dates of employment, job title, duties and description of the work performed, and rate of pay of all the employees who worked in the same department as Plaintiff during the relevant time period. The second interrogatory would only inquire as to the race, color, national origin, and age of each employee who worked in Plaintiff's department. The third interrogatory would be limited to the experience, qualifications, certifications, and education of each employee who worked in Plaintiff's department. The fourth interrogatory would only inquire as to the tests Plaintiff's co-workers and managers performed to secure or maintain employment. Plaintiff would use a fifth interrogatory to discover the reason that any of

Plaintiff's former co-workers were no longer working at the Hess Refinery. Finally, the sixth interrogatory incorporated within Interrogatory No. 4 asks whether and why any of Plaintiff's former co-workers were promoted or transferred and the dates upon which his co-workers obtained their respective positions.

■ Subparts (a) through (k), except for (i) and (j) concern objective employment-related information, easily retrievable from each employee's personnel file and should be interpreted as constituting a single interrogatory. Subparts (i) and (j) are discrete from the other subparts in that they seek HOVENSA's subjective opinion as to why particular employees were promoted, transferred or ended their employment at Hess Refinery. Because Interrogatory No. 4 involves two distinct lines of inquiry, it must be counted as two interrogatories.

Finally, the Magistrate Judge determined that Interrogatory No. 5 has three discrete subparts. Interrogatory No. 5 reads:

> Please state whether you, or any agent or employee, received notice of any kind from Plaintiff, or someone acting on behalf of Plaintiff, of any complaint, concern or communication, regarding the termination of plaintiff, defendant's discrimination on the basis of age, defendant's discrimination in pay, benefits, overtime, promotions and/or job classification at the Hess Refinery, St. Croix, during all times relevant to Plaintiff's Complaint, and if so, set forth:
>   a. a detailed description of each such complaint, notice, concern or communication;
>   b. the date received;
>   c. the name, address, employer and title of each person giving such notice;
>   d. the name, address, employer and title of each person receiving such notice;
>   e. the identity of all persons with knowledge of such notice;
>   f. all actions you took in response to any such notice, complaint, concern or communication.

■ The Court analyzes this interrogatory in the same way that it viewed Interrogatory No. 3. Plaintiff is attempted to determine whether HOVENSA had notice that he believed that he was wrongfully terminated or discriminated against with regard to his employment at the Hess

544

Refinery. Subparts (a) through (e) address the topic of notice. Subpart (f) asks a different question. Subpart (f) inquires as to HOVENSA's response to any such notice. The analysis here is the same as that regarding Interrogatory No. 3. While both the question of whether HOVENSA received notice and what it did in response to such notice are related to the question of notice, they are separate and distinct questions. Thus, Interrogatory No. 5 must also be construed as two interrogatories.

The Magistrate Judge found that Plaintiff's first five interrogatories actually consisted of 25 separate and distinct questions. The Court has reviewed these same five interrogatories and finds that Plaintiff has made eight discrete lines of inquiry in these five interrogatories. Thus, the Magistrate Judge's decision that Rule 33 limiting the number of interrogatories to 25, required HOVENSA to respond to no more than the first five interrogatories was clearly erroneous. The Court remands this matter to the Magistrate Judge for further consideration consistent with this opinion.