JDH Capital LLC v. Flowers, 2007 NCBC 31

STATE OF NORTH CAROLINA

COUNTY OF MECKLENBURG

IN THE GENERAL COURT OF JUSTICE
SUPERIOR COURT DIVISION
07 CVS 5354

JDH CAPITAL LLC,

       Plaintiff,

    v.

REBECCA D. FLOWERS, DWF
DEVELOPMENT, INC., and FLOWERS
PLANTATION FOUNDATION, INC.
f/k/a FLOWERS PLANTATION, INC. ,

       Defendants.

**ORDER ON MOTION TO COMPEL AND
MOTIONS FOR SANCTIONS**

{1}    This case arises out of Plaintiff's suit for breach of contract, unjust enrichment, fraud, negligent misrepresentation, and unfair and deceptive trade practices. This matter comes before the Court on Defendant Flowers' Motion to Compel Discovery and Motion for Sanctions and Plaintiff's Motion for Sanctions.

{2}    After considering the briefs, the Court GRANTS Defendant's Motion to Compel Discovery, DENIES Defendant's Motion for Sanctions, and DENIES Plaintiff's Motion for Sanctions.

> *Johnston Allison & Hord by Robert L. Burchette, Daniel A. Merlin, and Martin L. White for Plaintiffs.*
>
> *Manning, Fulton & Skinner, PA by Michael T. Medford and William S. Cherry III for Defendants.*

Tennille, Judge.

{2}    This matter is before the Court on Defendant Flowers' Motions to Compel Discovery and for Sanctions, dated August 31, 2007, and Plaintiff's Motion for Sanctions, dated September 19, 2007, in the above captioned case. Prior to the

filings of these motions, Plaintiff filed a Motion for Extension of Time to respond to Defendant Flowers' interrogatories with the Clerk of Mecklenburg County Superior Court.

{3} The above captioned case was designated a Mandatory Complex Business Case by virtue of the Notice of Designation of Action as Mandatory Complex Business Case Under N.C. Gen. Stat. § 7A-45.4, dated April 20, 2007. This case was assigned to the undersigned Special Superior Court Judge on April 30, 2007. Business Court Rule 9.2 states in no uncertain terms that "all motions to extend any of the times prescribed or allowed by these Rules, the North Carolina Rules of Civil Procedure, or by court order, *shall* be directed to the *Business Court Judge* assigned to the case." BCR 9.2 (2006) (emphasis added).

{4} Plaintiff's Motion for Extension of Time was filed with the Clerk "[a]lmost two months" after the case was designated a Mandatory Complex Business Case and assigned to the undersigned Special Superior Court Judge. (Def.'s Br. 3.) The Court notes that Plaintiff has made no objection to these statements regarding the timing and place of filing its motion. The Motion for Extension of Time was filed in the incorrect court according to the Business Court Rules. Thus, Plaintiff's objection to Defendant Flowers' interrogatories was not properly filed and will not be considered by the Court.

{5} If Plaintiff had filed the Motion for Extension of Time in the correct court, i.e., the Business Court, the Motion would have been improper. Business Court Rule 9.2 requires the movant for any motion for extended time to "first consult with any opposing party" before filing the motion. BCR 9.2. Plaintiff has not provided any evidence that there was such a consultation before the Motion for Extension of Time was filed in Mecklenburg County Superior Court. Thus, Plaintiff's objection to Defendant Flowers' interrogatories was not properly filed.

{6} Were the Court to consider the objection on the merits, Plaintiff would still not prevail. Plaintiff's interpretation of the rules governing interrogatory parts is incorrect, without merit, and unsupported by the vast majority of legal authority. North Carolina's rule on interrogatories states that "[i]nterrogatory parts and

subparts shall be counted as separate interrogatories for purposes of [Section 1A-1, Rule 33 of the General Statutes of North Carolina]." N.C. Gen. Stat. § 1A-1, Rule 33(a) (2005).  The Federal Rule of Civil Procedure dealing with interrogatories states that the number of interrogatories shall not exceed twenty-five "including all discrete subparts."  Fed. R. Civ. P. 33(a).  The Federal rule was designed to stop attorneys from "evad[ing] [the twenty-five interrogatory] limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects."  Fed. R. Civ. P. 33 advisory committee's note (1993).  The same can be said for the North Carolina Rule of Civil Procedure addressing interrogatories.

{7}    The question for the trial court to decide is whether the interrogatory subpart is requesting "several pieces of disparate information."  BENDER'S FORMS OF DISCOVERY TREATISE § 3.14(1)(a); *see also Safeco Ins. Co. of Am. v. Rawstron*, 181 F.R.D. 441, 444–45 (1998) (discussing the flexible approach to interpreting interrogatory subparts and reasoning that the Federal Rules of Civil Procedure favored the flexible approach allowing the trial court discretion on when to decide if a subpart was requesting information about discrete subjects).  One heavily cited case interpreted interrogatory "subparts" similar to the ones at issue here to count as only one interrogatory because all of the subparts were "sufficiently related to the primary question." [1]  *Ginn v. Gemini, Inc.* 137 F.R.D. 320, 322 (1991).  In an unpublished decision, the 4th Circuit cited *Ginn* through *Kendall v. GES Exposition Servs.*, 174 F.R.D. 684 (D. Nev. 1997), to find that the pertinent question was the subject matter of the interrogatories.  *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, No. 1:00CV00113, 2002 U.S. Dist. LEXIS 14327, at *3–4 (W.D. Va. 2002) (deciding that asking the same question to five different plaintiffs was still only one

---

[1] The Plaintiff discards cases such as *Ginn* which were cited by Defendant for not being North Carolina authority, relying solely on a plain meaning interpretation of the statute.  Plaintiff noted though that there are no North Carolina cases concerning interpreting "subparts" in North Carolina General Statute § 1A-1, Rule 33(a).  (Pl.'s Br. Opp. Def.'s Mot. Compel Disc. and Pl.'s Mot. Sanctions 3.)  The Court notes that the *Ginn* decision has been followed in the 6th, 9th, 10th, and 11th Circuits.

interrogatory). Plaintiff would have this court ignore the subject matter and focus instead on the literal number of facts requested in the interrogatory.

{8} Plaintiff contends that an interrogatory which asks for multiple answers must be multiple interrogatories. (Pl.'s Br. Opp. Def.'s Mot. Compel Disc. and Pl.'s Mot. Sanctions 4–5.) The Court disagrees. Interrogatories are designed to elicit facts in a cost-efficient manner. Plaintiff's interpretation of the rules would severely limit interrogatories to one-event, one-fact questions. That interpretation is counter to the reason for using interrogatories.

{9} Based on the foregoing, it is hereby ORDERED, ADJUDGED, and DECREED:

1. Defendant Flowers' Motion to Compel is hereby GRANTED. Plaintiff shall answer the interrogatories in full within twenty (20) days of today's date.

2. Plaintiff's Motion for Sanctions is hereby DENIED.

3. Defendant Flowers' Motion for Sanctions is hereby DENIED.

IT IS SO ORDERED this the 12th day of October, 2007.