**ESTATE OF Douglas L.
MANSHIP, et al.**

v.

**UNITED STATES of America.**

No. 04–91–C–M2.

United States District Court,
M.D. Louisiana.

Dec. 8, 2005.

Leon Gary, Jr., Charles A. Landry, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Baton Rouge, LA, Brandon Kelly Black, Jones, Walker, Baton Rouge, LA, Miriam Wogan Henry, Jones, Walker, New Orleans, LA, for Plaintiff.

John Joseph Gaupp, United States Attorney's Office, Baton Rouge, LA, Frank M. Dale, Jr., Henry J. Riordan, John M. Bilheimer, U.S. Department of Justice–Tax Division, Washington, DC, for Defendant.

### RULING AND ORDER

NOLAND, United States Magistrate Judge.

This matter is before the Court on the Motion to Compel Response to Interrogatories, or Alternatively, Motion for Leave to Propound Interrogatories in Excess of Numerical Limit, and Motion for Leave to Propound Requests for Admission in Excess of Numerical Limit (R. Doc. 67) filed on behalf of plaintiffs, the Estate of Douglas L. Manship, Deceased (the "Estate"), appearing herein through its duly authorized Independent Co–Executors, David C. Manship, Richard F. Manship, Douglas L. Manship, Jr., and Dina Manship Planche, each also appearing individually as a residuary legatee of the Estate (collectively "plaintiffs"), and the Motion to Compel Production of a Privilege Log and to Produce Documents received from Third Parties filed by Plaintiffs (R. Doc. 77). Defendant, the United States of America ("United States"), has filed oppositions to both of plaintiffs' motions. (R. Docs. 75 and 85 respectively).

### LAW & ANALYSIS

I.  **Plaintiffs' Motion to Compel Response to Interrogatories, or Alternatively, Motion for Leave to Propound Interrogatories in Excess of Numerical Limit, and Motion for Leave to Propound Requests for Admission in Excess of Numerical Limit (R. Doc. 67):**

In this motion, plaintiffs contend that the United States has refused to answer more

than twenty-five (25) interrogatories and more than twenty-five (25) requests for admissions. First, plaintiffs argue that the United States has miscounted the number of interrogatories, as the number does not exceed twenty-five (25). Secondly, plaintiffs contend that, even if the number of interrogatories exceeds twenty-five (25), the issues involved in this "complicated estate tax case" provide sufficient cause for leave to exceed the twenty-five (25) interrogatory threshold. Alternatively, plaintiffs seek leave of court to propound interrogatories in excess of the numerical limit of twenty-five (25) embodied in Fed.R.Civ.P. 33 and also seek leave to propound requests for admission in excess of the numerical limit of twenty-five (25) provided in Local Rule 36.2.

The United States contends in its opposition that the plaintiffs served it with two sets of interrogatories, which contain more than twenty-five (25) interrogatories when the discrete subparts are counted. The United States objected to the plaintiffs' first set of interrogatories as violating the numerical limit but nevertheless responded. It also timely objected to, but refused to answer, the second set of interrogatories on the ground that the numerical limit had been exceeded, and the plaintiffs made no attempt to obtain a stipulation from the Government or Court approval for the excessive interrogatories. The United States also argues that, in contravention of Local Rule 36.2M, the plaintiffs have served it with thirty-five (35) requests for admission without first obtaining leave of Court. The United States objected to the excessive requests for admission and responded to only the first twenty-five (25) requests.

At a discovery conference on July 28, 2005, plaintiffs' counsel asked whether the United States would retroactively waive the numerical limitations on interrogatories and requests for admissions; however, the United States declined to do so. The plaintiffs then filed the motion to compel which is presently before the Court.

### (a) Do the number of interrogatories exceed the numerical limit of twenty-five (25)?

■ Fed.R.Civ.P. 33(a) governs the numerical limitation on interrogatories and provides in pertinent part:

Without leave of court or written stipulation, any party may serve upon any other party written interrogatories, not exceeding 25 in number including all discrete subparts, to be answered by the party served ...

Fed.R.Civ.P. 33(a).[1] Although Rule 33(a) states that "discrete subparts" should be counted as separate interrogatories, it does not define "discrete subparts." The Advisory Committee addressed this issue and provided some guidance as to when subparts are to be considered separate interrogatories:

Each party is allowed 25 interrogatories upon any other party, but must secure leave of court (or stipulation from the opposing party) to serve a larger number. Parties cannot evade this presumptive limitation through the device of joining as 'subparts' questions that seek information about discrete separate subjects. However, a question asking about communications of a particular type should be treated as a single interrogatory even though it requests that the time, place, persons present, and contents be stated separately for each such communication.

Advisory Committee's Notes to Fed.R.Civ.P. 33(a).[2]

■ Thus, the issue in this motion is whether the interrogatory subparts are "logically or factually subsumed within and necessarily related to the primary [interrogatory] question." *Dang v. Cross*, 2002 WL 432197 (C.D.Cal.2002); *Kendall v. GES Exposition Services, Inc.*, 174 F.R.D. 684 (D.Nev.1997). In making this determination, the Court

---

**1.** The purpose of the limit on interrogatories is not to prevent discovery but to prevent potentially excessive use of this particular discovery device. *Power & Telephone Supply Co., Inc. v. Suntrust Banks, Inc.*, 2004 WL 784533, *1 (W.D.Tenn.2004).

**2.** Identifying a person by name, address, phone number and place of employment is necessary to accurately identify a person and does not count as four separate interrogatories. *Power & Telephone Supply Co.*, at *1.

should decide whether the first question is primary and subsequent questions are secondary to the primary question; or whether the subsequent question could stand alone and is independent of the first question?[3] *Id.* at 685. In other words, "[i]f the first question can be answered fully and completely without answering the second question, then the second question is totally independent of the first and not 'factually subsumed within and necessarily related to the primary question'." *Krawczyk v. City of Dallas*, 2004 WL 614842 (N.D.Tex.2004).

### (i) Plaintiffs' First Set of Interrogatories:

■ The Court will now consider the two sets of interrogatories propounded by plaintiffs (counted by plaintiffs as 20 interrogatories in the first set and 5 interrogatories in the second set) in light of these jurisprudential standards. Interrogatory Nos. 1, 2, 7, 8, 9, 10, 11, 12, 12A, 13, and 15 of the first set do not contain subparts and therefore are not at issue in this motion. Furthermore, Interrogatory No. 14 of the first set will not be counted because it asks the United States to explain why it did not admit requests for admissions; however, no requests for admission were actually propounded with the first set of interrogatories. Thus, Interrogatory No. 14 was clearly submitted by the plaintiffs by mistake and will not be considered in counting the number of interrogatories in plaintiffs' first set of discovery. Accordingly, the interrogatories in the first set which are in question in this motion are: Interrogatory Nos. 3, 3A, 4, 5 and 6.[4]

Interrogatory No. 3 requests information about certain communications that the United States had with persons before and after the date on which this suit was filed, and subparts (a), (c), (d), and (e) of Interrogatory No. 3 request the content, time, place, and persons participating in such communications, information which is logically and factually subsumed within and necessarily related to the primary interrogatory question. See Advisory Committee's Notes to Fed. R.Civ.P. 33(a), above. However, the Court finds that subparts (b), (f), and (g), although related to the primary interrogatory, are not subsumed within Interrogatory No. 3 and should constitute a single interrogatory on their own. Thus, Interrogatory No. 3 and its various subparts should count as two (2) interrogatories.

■ As to Interrogatory No. 3A, the Court finds that its subparts are secondary to the primary interrogatory question and would not make sense without the primary

---

3. Genuine subparts should not be counted as separate interrogatories; however, discrete or separate questions should be counted as separate interrogatories, notwithstanding they are joined by a conjunctive word and may be related. *Id.* at 685.

4. Interrogatory No. 3 requests the following:
   Identify the person(s) you received information from regarding the subject matter of this litigation both before and after the date on which Plaintiffs filed this suit. With regard to each person, please:
   a. State the substance of such communications with such person(s);
   b. Identify any documents that memorialize such communications;
   c. State the date(s) that such communications occurred;
   d. Identify the place where the communications occurred;
   e. Identify all persons who participated in the communications or to whom any information concerning the communications was transmitted or divulged;
   f. State whether the communications were memorialized, and if so, in what form and by whom; and
   g. Identify all person who received copies of all or any part of any document memorializing the communication.
   Interrogatory No. 3A requests the following:
   State whether any person identified in your response to Interrogatory No. 3 who was a participant in the communication or received information about the content of the communication, or any part thereof, commented on the communication, and, if so, (1) identify the person; (2) state when the comment on the communication by the person occurred; and (3) identify the substance of the comment on the communication by the person.
   Interrogatory No. 4 seeks to have the United States:
   Identify any document and/or communication that you contend constitutes an admission binding upon Plaintiffs pursuant to Rule 801(d)(2) of the Federal Rules of Evidence. For each such admission, please:
   a. Identify the person making the admission;
   b. Identify the date and place the admission was made; and
   c. Identify the person to whom the alleged admission was made.

question because they request the identity of the persons referred to in the primary question, the time of any comments referred to in the primary question, and the substance of any comments in the primary question. These subparts are simply designed to obtain additional details concerning the general theme presented in the primary interrogatory question and are therefore included with Interrogatory No. 3A as a single request. Finally, with regard to Interrogatory No. 4, the subparts again request information regarding the identity of the persons making the admissions referred to in the primary interrogatory, the date and place the admissions were made, and the "persons present" or to whom the admissions were made. Under the standards set forth in the Advisory Committee Notes, these subparts should also be considered a part of the primary interrogatory.

Plaintiffs admit that Interrogatory Nos. 5 and 6 of their first set of discovery contain six (6) subparts and should be counted as six separate interrogatories. Thus, there is no issue in this motion with regard to Interrogatory Nos. 5 and 6. Accordingly, the total number of interrogatories in the first set of discovery propounded by plaintiffs is twenty-one (21), and because that number is within the numerical limitation provided by Fed. R.Civ.P. 33(a), the United States will be compelled to provide complete responses to those twenty-one (21) interrogatories.

### (ii) Plaintiffs' Second Set of Interrogatories:

Plaintiffs' second set of interrogatories lists five (5) interrogatories requesting that the United States explain why it denied certain requests for admission.[5] The Court has

---

5. Interrogatory No. 1 asks that, if Request for Admission No. 5 is denied, the United States identify each instance that it contends the plaintiffs failed to cooperate with the IRS in connection with the audit of the Form 706; who made the request on behalf of the United States that the United States contends that Plaintiffs, or any of them, failed to cooperate with; when the instance occurred and describe the dates, information requested, persons making the request and the nature of the alleged deficiency for each and every instance that the United States contends that the actions or response of the Plaintiffs, or any of them, was deficient.

Request for Admission No. 5 requests that the United States admit that the plaintiffs cooperated with the IRS throughout the audit of the Form 706.

Interrogatory No. 2 asks that, if Request for Admission No. 6 is denied, the United States describe in detail every instance that the United States contends that Plaintiffs, or any of them, failed to comply with any applicable substantiation or record-keeping requirements under the Internal Revenue Code (or related Treasury Regulation) and, for each such instance, identify in detail each record keeping requirement that the United States contends that any plaintiff failed to comply with and how such person failed to comply. Plaintiffs also request that the United States identify each person who will offer testimony on the United States' behalf supporting any of the United States' contentions with regard to the subject matter of this interrogatory.

Request for Admission No. 6 requests that the United States admit that the plaintiffs did not fail to comply with any applicable substantiation or record-keeping requirements under the Internal Revenue Code (or related Treasury Regulations).

Interrogatory No. 3 asks that, if Request for Admission No. 7 is denied, the United States describe in detail every request that it contends that plaintiffs, or any of them, failed to comply with, and in particular as to each such request, to identify who made the request, when the request was made, what response was received, whose response was deficient, and why the defendant contends that the response received was deficient. The plaintiffs also ask the United States to identify each person who will offer testimony on the United States behalf supporting any of its contentions with regarding to Interrogatory No. 3.

Request for Admission No. 7 requests that the United States admit that the Tax Commissioner made no requests for witnesses, information, documents, meetings and/or interviews throughout the audit of the Form 706 with which plaintiffs, or any of them, failed to comply.

Interrogatory No. 4 asks that, if Request for Admission No. 14 is denied, the United States state why it contends the Form 843 and/or Amended Form 843 were not timely filed and to identify each person who will offer testimony on the United States behalf supporting its contentions in that regard.

Request for Admission No. 14 requests that the United States admit that plaintiffs timely filed the Form 843 and the Amended Form 843 in accordance with Internal Revenue Code § 6511.

Interrogatory No. 5 asks that, if the United States' response to *any* Request for Admission is anything but an unqualified admission, the United States should (a) describe in detail its reasons for each qualification of its response and each denial, and (b) state the name and current address of each person who would offer testimony on the United States' behalf supporting any of its

reviewed the interrogatories and finds that Interrogatory Nos. 1 through 4 apply to specific requests for admission, Nos. 5, 6, 7, and 14 respectively, and request additional information necessarily related to the subject area contained in the request for admission at issue. The subparts of Interrogatory Nos. 1 through 4 seek "who, what, when, where and how" information which relates to the common theme presented in the request for admission, and the Court agrees with plaintiffs that they constitute a total of four interrogatories.[6]

■ Considering that the total number of interrogatories propounded by the plaintiffs amounts to twenty-five (25) without taking into account Interrogatory No. 5 of the second set, the plaintiffs need to obtain leave of Court to submit that additional interrogatory to the United States. Furthermore, the Court finds that, unlike Interrogatory Nos. 1 through 4, Interrogatory No. 5 makes a general request that the United States describe its reasons for qualifying its responses to *any* of the thirty-five (35) requests for admission. While an interrogatory seeking the basis for the denial of several requests for admission may be viewed as a single interrogatory where each of the requests for admission concerns the same subject area, that rule does not apply to Interrogatory No. 5, where the plaintiffs have requested information regarding thirty-five (35) requests for admission involving different subject areas. Under such circumstances, Interrogatory No. 5 cannot be considered a single interrogatory. *Safeco of America v. Rawstron,* 181 F.R.D. 441, 444 (C.D.Cal.1998). Thus, the Court will now consider Plaintiffs' alternative motion for leave of court to exceed the numerical limit on interrogatories provided in Fed.R.Civ.P. 33(a) and determine whether the United States should be compelled to respond to Interrogatory No. 5 of plaintiffs' second set of discovery.

## II. Plaintiffs' Alternative Motion for Leave to Propound Interrogatories in Excess of Numerical Limit and Motion for Leave to Propound Requests for Admission in Excess of Numerical Limit:

In support of their request for additional interrogatories beyond the numerical limit, plaintiffs argue that the United States has propounded eighteen (18) interrogatories upon plaintiffs, but if discrete subparts are included, the United States has actually propounded thirty-one (31) interrogatories. Plaintiffs point out that the United States' Interrogatory Nos. 2–4, 9–10, and 15 ask for information about the three (3) different Manship companies, and because each subpart about each company is a discrete subject which could stand alone as a separate interrogatory, those six (6) interrogatories technically constitute eighteen (18) separate interrogatories. Furthermore, Interrogatory No. 8 asks for information about two (2) different companies and could be considered two (2) separate interrogatories; thus, the United States could be considered to have propounded a total of thirty-one (31) interrogatories. However, plaintiffs point out that, because of the complexity of the factual and legal issues and the large amount of money at stake in this litigation, they have responded to the United States' interrogatories even though they technically exceed the allowable numerical limits. To the contrary, the United States has taken a "hard line" approach and has refused to voluntarily respond to more than twenty-five (25) interrogatories or twenty-five (25) requests for admission.

■ In opposition to plaintiffs' request for leave, the United States argues that the plaintiffs "blatantly disregarded the procedural rules" by propounding excessive interrogatories and requests for admission and violated Fed.R.Civ.P. 37 by failing to specifically discuss with the United States, prior to filing the present motion to compel, the ques-

contentions regarding each request for admission that is not unqualifiedly admitted. [Emphasis added.]

6. Even if plaintiffs' request for an identification of the persons whom the United States will call to testify as to particular subject matters might

call for information protected by the attorney work product doctrine, the information is nevertheless relevant and necessarily related to the underlying request for admission and can be requested. If the United States finds the request objectionable, they merely need to assert their objection and the grounds therefor.

tion of how to count the interrogatories contained in the first and second sets of discovery and whether plaintiffs believed that the total number of interrogatories in those sets of discovery was twenty-five (25).[7] The Court agrees with the United States in part, in that plaintiffs disregarded the numerical limit of twenty-five (25) requests for admission provided in Local Rule 36.2M by propounding thirty-five (35) requests for admission to the United States. However, the Court does not find that plaintiffs "blatantly disregarded" Fed.R.Civ.P. 33(a) in propounding their two sets of interrogatories, as the plaintiffs never conceded that their interrogatories were more than twenty-five (25) in number.

The plaintiffs filed the present motion to compel because of the United States' objections and refusal to respond to the two sets of discovery, on the ground that the interrogatories exceeded the numerical limit of twenty-five (25), not because the plaintiffs believed the interrogatories exceeded the numerical limit. Because the plaintiffs considered their discovery requests to be within the numerical limit, they did not act inappropriately in failing to obtain a stipulation from the United States or approval of the Court prior to propounding the discovery. Furthermore, the plaintiffs' motion to compel was filed based upon the United States' refusal to respond to the interrogatories, regardless of the number of interrogatories; thus, the plaintiffs acted appropriately in conferring with the United States about

their failure to respond prior to filing the motion to compel. The plaintiffs were not required to explain, during that discovery conference, how they would count each of the interrogatories at issue or what their arguments would be if they were to file a motion to compel; they were simply required to request complete responses from the United States. When the United States refused to provide complete responses, the plaintiffs were permitted to file the present motion to compel, seeking Court intervention and a determination as to whether the number of interrogatories actually exceeds the numerical limitation. Accordingly, the Court finds that, while the plaintiffs violated Local Rule 36.2M in propounding thirty-five (35) requests for admission without obtaining leave of court, they did not violate Rule 33 or Rule 37 in propounding their first and second sets of interrogatories or in filing the present motion.

■ Because plaintiffs propounded excessive requests for admission and because the Court has found that plaintiffs' Interrogatory No. 5 of the second set causes plaintiffs' interrogatories to exceed the numerical limit, the Court must now determine whether the additional interrogatories presented by Interrogatory No. 5 and Request for Admission Nos. 26 through 35 are permissible.[8] Under Fed.R.Civ.P. 33(a), a court is to determine whether the interrogatory limit may be exceeded by examining the circumstances of the case under the factors listed in Fed. R.Civ.P. 26(b)(2). *American Chiropractic*

---

7. The United States also contends that the plaintiffs, through their motion to compel responses to interrogatories and requests for admission exceeding the numerical limits, are seeking discovery past the September 2, 2005 discovery deadline which was in effect at the time plaintiffs' motion was filed. This argument is moot as the Court issued an Order on September 1, 2005, extending the discovery deadline in this matter until sixty (60) days after the completion of the United States' depositions of the Manship Corporations pursuant to Fed.R.Civ.P. 30(b)(6). Considering that the Court just issued a ruling on November 9, 2005, with respect to the deposition subpoenas and the Rule 30(b)(6) designations as to the Manship corporation depositions, the deadline for completion of discovery has not expired, and plaintiffs can still request leave to propound additional interrogatories and requests for admission. Furthermore, at the time the

interrogatories and requests for admission were originally propounded, the discovery deadline had not expired.

8. Although the plaintiffs technically should have obtained a written stipulation or leave of court to propound the additional interrogatories pursuant to Rule 33 and leave of court to submit the additional requests for admission under Local Rule 36.2M prior to submitting the discovery to the United States, the Court will nevertheless consider plaintiffs' request for leave at this juncture based upon the fact that plaintiffs have voluntarily responded to interrogatories from the United States that could be considered excessive of the numerical limit in Rule 33 and because of the possibility that the desired discovery could be of such benefit to the case that it outweighs any burden it might impose upon the United States.

*Assoc. v. Trigon Healthcare, Inc.*, 2002 WL 534459, *3–4 (W.D.Va.2002). Rule 26(b)(2) provides that additional discovery should be allowed unless: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P. 26(b)(2); *American Chiropractic Ass'n,* at *3–4. Frequently, the issue becomes whether the requesting party has adequately shown that the benefits of additional interrogatories outweigh the burden to the opposing party. *Id.* at *4.

Although the plaintiffs argue that Interrogatory No. 5 only addresses Request for Admission No. 35, the plain language of the interrogatory addresses all of the requests for admission propounded by the plaintiffs. Thus, before the Court can determine whether plaintiffs are entitled to leave to obtain the information requested in Interrogatory No. 5, it must first decide whether leave of court should be granted as to plaintiffs' Requests for Admission Nos. 26 through 35.

Pursuant to Local Rule 36.2, "no party shall serve on any other party more than 25 requests for admission in the aggregate without leave of court … Any party desiring to serve additional requests for admission shall file a written motion setting forth the proposed additional requests for admission and reasons establishing good cause for their use." Plaintiffs contend that good cause exists for requiring the United States to respond to Requests for Admission Nos. 26–35 because such requests are designed to authenticate documents and establish certain facts in this case so as to narrow the issues and focus the scope of the depositions to be taken.[9]

The Court has reviewed the requests for admission at issue and finds that Request Nos. 26, 28, 30 and 32 are merely designed to have the United States authenticate certain documents. This task is not overly burdensome and is designed to help resolve technical evidentiary issues prior to trial; accordingly, the Court will order that the United States respond to Request for Admissions Nos. 26, 28, 30 and 32. The Court finds that Request for Admission Nos. 27, 29, 31 and 33 simply request that the United States review

9. The Requests for Admission at issue state the following:

> *Request for Admission No. 26:* Please admit that the copy of the Preliminary Statement attached to the Complaint as Exhibit "J" is a true and correct copy of the Preliminary Statement filed by or in behalf of the Plaintiffs with the IRS.
>
> *Request for Admission No. 27:* Please admit that the Preliminary Statement proposed a partial allowance of the Claim for Refund in the amount of $2,283,572.55 and a partial disallowance of the remaining amount of the Claim for refund.
>
> *Request for Admission No. 28:* Please admit that the copy of the Protest Letter and supporting memorandum produced by the Government as part of its Rule 26 initial disclosure having a Bates number range VS 151–862 is a true and correct copy of the Protest Letter filed by or on behalf of the Plaintiffs with the IRS.
>
> *Request for Admission No. 29:* Please admit that the Protest Letter and memorandum in support thereof, protest the partial disallowance in the Preliminary Statement.
>
> *Request for Admission No. 30:* Please admit that the copy of the Appeal Letter attached to the Complain as Exhibit "K" is a true and correct copy of the Appeal Letter filed by or in behalf of Plaintiffs with the IRS.
>
> *Request for Admission No. 31:* Please admit that the Appeal Letter states that the Appeals Office could not review the matter or schedule a meeting with counsel until February 27, 2004.
>
> *Request for Admission No. 32:* Please admit that copy of the Recommendation attached to the Complaint as Exhibit "L" is a true and correct copy of the Recommendation.
>
> *Request for Admission No. 33:* Please admit that the IRS's Recommendation recommended that Plaintiffs to go forward with filing this action.
>
> *Request for Admission No. 34:* Please admit that more than six months elapsed between Plaintiffs' filing of the original Form 843 and the commencement of this action.
>
> *Request for Admission No. 35:* Please admit that more than six months have elapsed since Plaintiffs' filing of the Amended Form 843 and the commencement of this action.

certain documents and admit whether those documents state what is contained in the requests for admission. The Court does not find that review of the documents noted in the requests is overly burdensome and finds that, allowing the plaintiffs to find out whether the United States admits or denies such requests is permissible. Finally, Requests for Admission No. 34 and 35 require the United States to compute the time between when the plaintiffs filed their original and Amended Form 843 and the filing of this suit. The Court again does not find that this request is so burdensome that it outweighs the benefit the plaintiffs would have in knowing whether the United States will contest whether the plaintiffs waited the requisite six months after filing their Form 843 before filing suit. Thus, the Court finds that the additional requests for admission will, in fact, resolve and/or narrow down certain issues prior to trial and completion of depositions, and plaintiffs are therefore granted leave to propound those requests to the United States.

Finally, considering that the only request for admission the plaintiffs have discussed in their motion in relation to Interrogatory No. 5 of the second set of discovery is Request for Admission No. 35, the Court will only allow plaintiff to obtain the information requested in Interrogatory No. 5 with respect to that specific request for admission, rather than to all 35 requests. In sum, considering the complex nature of this estate tax case, the large amount in controversy, the resources of the parties to easily obtain the information requested in the additional discovery requests, and the importance of the requests in resolving and narrowing certain issues in the litigation, the Court finds that the burden of requiring the United States to respond to the ten (10) additional requests for admission and the one interrogatory propounded by the plaintiffs is far outweighed by the benefit that complete responses to such requests will have in this litigation. Accordingly, the United States will have thirty (30) days from the date of this Order within which to respond to Requests for Admission Nos. 26–35 and Interrogatory No. 5 of the second set of interrogatories, only with re-

spect to the information contained in Request for Admission No. 35.

**III. Plaintiffs' Motion to Compel Production of a Privilege Log and To Produce Documents Received from Third Parties filed by Plaintiffs (R. Doc. 77):**

■ Through this motion, the plaintiffs move to have the United States produce a privilege log for all documents that it contends are protected by privilege in accordance with Fed.R.Civ.P. 26(b)(5). In addition, plaintiffs request that the United States be ordered to produce any and all documents it has received from third parties that are responsive to the plaintiffs' discovery requests.

In its opposition, the United States first argues that it should not be required to produce a privilege log under Fed.R.Civ.P. 26(a)(5) pertaining to the contents of its legal files which are protected by the work product doctrine and the attorney client privilege because there would be no way of preparing the privilege log without revealing the "information itself privileged or protected." It further argues that plaintiffs' motion compelling such a privilege log is an "unabashed, brazen attempt" to gain insight into the mental impressions and strategies of counsel for the United States or to "piggyback onto the expenditure of time, money, intelligence and other resources of counsel for the United States."

Fed.R.Civ.P. 26(b)(5) governs the production of privilege logs where discoverable information is withheld by a party on grounds of privilege and provides the following:

> When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

Fed. R. Civ. 26(b)(5). The rule employs the mandatory term, "shall," requiring that the responding party prepare a privilege log where a privilege is asserted. *BG Real Estate Services v. American Equity Ins. Co.,* 2005 WL 1309048 (E.D.La.2005). Furthermore, even if the responding parties' objections are based upon the attorney-client privilege and/or the work product doctrine, those objections can only be sustained if they are both properly asserted and the facts supporting the privileges are established by the evidence, not merely declared by lawyer argument. *Id.* In other words, the mere assertion of a lawyer that responsive materials or information are attorney-client privileged or protected by the work product doctrine is not evidence establishing that the information is privileged.

In order to properly assert and preserve its objections that certain requested documents are privileged, the United States must describe those documents to the best of its ability without revealing the information privileged in accordance with Fed.R.Civ.P. 26(b)(5); otherwise, those assertions of privilege or protection will be deemed waived. *Id.* Even if describing the protected materials in a log may be difficult to do without revealing the confidential nature of the documents, it is nevertheless the obligation of the United States under Fed.R.Civ.P. 26(b)(5). No exception is made in that procedural rule for relevant and responsive documents contained in an attorney's legal files. Accordingly, the United States will be ordered to produce a privilege log identifying the nature of all responsive documents, communications or things not produced or disclosed in this matter on grounds of privilege or other protection in a manner which will not reveal the protected information but that will enable the plaintiffs to assess the applicability of the privilege or protection in accordance with Fed.R.Civ.P. 26(b)(5).

█ Finally, with regard to plaintiffs' request for production of all responsive documents the plaintiffs have received from third parties, the United States contends that it has not withheld any documents in its formal discovery responses, other than the legal files of its attorneys defending this case, and

plaintiffs' request therefore only concerns documents which the United States may, in the future, obtain from a third party. The United States argues that, requiring it to turn over documents obtained from third parties in the future, would "improperly provide the plaintiffs with access to the opinion work product of Government counsel," and its "most likely response" to a request for such information "would be to produce relevant documents *en masse* to the plaintiffs so that any selection process would not be revealed."

The plaintiffs concede that they do not seek to have the United States reveal the details of its attorneys' selection process with respect to documents obtained from third parties. Instead, the plaintiffs seek to find out: (1) whether the United States has received documents from third parties which are responsive to plaintiffs' discovery requests; (2) if so, whether such documents have been produced to plaintiffs; (3) if the United States has not yet but later receives responsive documents from third parties, whether it will produce those documents to plaintiffs; and (4) if the United States refuses to produce responsive documents to the plaintiffs based upon some privilege, whether it will produce a privilege log.

Although the United States has indicated that the only documents it has withheld in this case are the legal files of its attorneys defending this case, it has not precisely indicated whether those legal files contain any information obtained from third parties that has not already been produced. In the event such information exists and is not privileged or otherwise protected, the United States should produce such information to plaintiffs if it is responsive to any of plaintiffs' discovery requests. To the extent such information exists but is privileged or protected, the United States should include an identification of the nature of the document(s) in its privilege log as is required by Fed.R.Civ.P. 26(b)(5).

As to documents the United States may obtain from third parties in the future, the United States is under a continuing obligation to supplement its responses to the discovery requests propounded by the plain-

tiffs. Thus, in the event any of the information obtained from third parties in the future is responsive and unprivileged, the United States is required to produce that information to plaintiffs. However, such documents may be produced *en masse* so as to prevent disclosure of the United States' counsel's strategy and mental processing in the selection of documents, which is protected by the work product doctrine. Of course, if production of the information is objectionable on grounds of privilege, an appropriate description of the information in the privilege log would be required.

Accordingly;

**IT IS ORDERED** that the Motion to Compel Response to Interrogatories, or Alternatively, Motion for Leave to Propound Interrogatories in Excess of Numerical Limit, and Motion for Leave to Propound Requests for Admission in Excess of Numerical Limit (R. Doc. 67) filed on behalf of plaintiffs, the Estate of Douglas L. Manship, Deceased, appearing herein through its duly authorized Independent Co–Executors, David C. Manship, Richard F. Manship, Douglas L. Manship, Jr., and Dina, is **GRANTED IN PART** and **DENIED IN PART** as set forth in the above ruling.

**IT IS FURTHER ORDERED** that the United States shall provide complete responses to the twenty-one (21) interrogatories contained in plaintiffs' First Set of Interrogatories, to the extent it has not already responded, within thirty (30) days of this Order.

**IT IS FURTHER ORDERED** that the United States shall provide complete responses to Interrogatory Nos. 1 through 4 of plaintiffs' Second Set of Interrogatories within thirty (30) days of this Order.

**IT IS FURTHER ORDERED** that the plaintiffs are granted leave of Court to propound Requests for Admission Nos. 26 through 35 and Interrogatory No. 5 of plaintiffs' Second Set of Interrogatories only as that interrogatory pertains to Request for Admission No. 35, and the United States shall provide complete responses thereto within thirty (30) days of this Order.

**IT IS FURTHER ORDERED** that the Motion to Compel Production of a Privilege Log and to Produce Documents received from Third Parties filed by plaintiffs (R. Doc. 77) is hereby **GRANTED** and that the United States shall produce the required privilege log within thirty (30) days of this Order and documents received from third parties in accordance with the above ruling.

